IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELIAN BREWER,

    Petitioner,                    No. CIV S-02-312 MCE GGH P

    vs.

DARRYL ADAMS, Warden,

    Respondent.[1]              FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding with appointed counsel, has filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner challenges his 1997 conviction for second degree murder, attempted murder, robbery (2 counts) and attempted robbery (and weapon use enhancements), pursuant to Cal. Penal Code §§ 187, 664/187, 664/211, 211, 12022.5, for which he was sentenced to a term of 35 years to life, plus 30 years and 4

---

[1] Although apparently the warden of California State Prison, Solano, is no longer Darryl Adams, respondent confused the issue by first stating that Bob Horel is the current warden at CSP-Solano and then asking the court to substitute Scott Kernan as the respondent. See note 1 in motion to dismiss. When petitioner or respondent informs the court that petitioner is still incarcerated at CSP-Solano, rather than another facility, and who the correct respondent is, the court will substitute the proper party in as respondent at that time, pursuant to Fed. R. Civ. P. 25(d).

1 months.[2] First Amended Petition (FAP), p. 1, Exhibit (Exh.) 2, Abstract of Judgment; Answer to
2 FAP, pp. 1-2.[3]

3       Pending before the court is respondent's motion to dismiss the petition as barred
4 by the AEDPA one-year statute of limitations. A hearing before the court on the motion to
5 dismiss and motion to file an amended answer, on July 20, 2006, wherein petitioner was
6 represented by Matthew Alger, and respondent by Jane Kirkland, resulted in, as set forth in the
7 court's Order, filed on July 25, 2006, respondent's motion to file an amended answer, wherein
8 respondent sought leave to amend the answer to allege an affirmative defense of untimeliness,
9 relying on the then newly decided case of Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846 (2006),
10 and petitioner's motion for discovery, wherein petitioner sought to demonstrate that lockdowns
11 had impeded the filing of his state court habeas petition(s), being granted. Following, within
12 thirty days, the filing of respondent's responses/production, the parties, within thirty days
13 thereafter, were either to stipulate to an expansion of the record or petitioner was to move to
14 expand the record, or to renew his motion for an evidentiary hearing, the court noting that
15 findings and recommendations resolving the merits would be filed subsequent to any expansion
16 of the record and/or evidentiary hearing. Following extensions of time granted to both parties
17 (see Orders, filed on August 29, 2006; November 16, 2006; December 18, 2006), petitioner filed
18 a motion to expand the record, attaching exhibits including amended answers to interrogatories,
19 answers/production to requests to produce documents, pertinent California regulations, which
20 motion was granted by Order filed on January 23, 2007, which also vacated the hearing on the
21 motion, no opposition to the motion having been filed.

---

[2] Respondent sets forth the sentence as one of 25 years to life plus 40 years and 4 months. Motion to Dismiss (MTD), p. 3; petitioner pro se also sets forth the same breakdown in his petitioner to the state supreme court. Lodged Document 19, p. 2.

[3] According to respondent, petitioner's conviction was enhanced by petitioner's use of a gun in committing the offenses and petitioner's conviction for the two counts of robbery with use of a firearm stemmed from a home invasion robbery with different victims from those in the murder, attempted murder counts. Answer, p. 2.

Summary of Ruling

One can get lost in the multitude of dates necessarily discussed in the analysis of the tolling issues here. But the bottom line is this – can a petitioner who *actually* relied on the state of tolling law when filing his state petitions (the law at that time being very petitioner friendly in determining tolling periods) be said to have filed his state petitions, and each of them, within a *reasonable* time period, even though the tolling law later became decidedly less friendly to petitioner in terms of delays in filing state petitions. The court's answer is "yes" whether one views the issue as one of "reasonableness" in the context of statutory tolling or "fairness" in the context of equitable tolling.

Perhaps no better reason for "yes" is respondent's own reasoning when it came to the belated request to raise the statute of limitations. Respondent says in essence: that I was reasonable in not initially raising the limitations issue because the state of the law would not have permitted a limitations motion prior to the "change" in the tolling/delay law as set forth in the recent Chavis decision. Given respondent's reliance on the law as a valid reason for delaying the motion, why is not petitioner reasonable based on his reliance on the law in delaying the filing of a state petition? The aphorism of sauce for the goose and sauce for the gander comes to mind.

Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  Petitioner's conviction became final on June 15, 1999, 90 days after the state supreme court denied his petition for review on direct appeal on March 17, 1999.[4]  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("holding] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition.").  The statute of limitations began to run the day after the date of final conviction, June 16, 1999.  Patterson v. Stewart, 252 F.3d 1243, 1246 (9th Cir. 2001).  Therefore, petitioner had until June 15, 2000, to file a timely federal petition.  The instant petition, filed February 7, 2002, is untimely absent applicable tolling.

  Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The court now considers whether petitioner is entitled to tolling pursuant to § 2244(d)(2).

  The first state habeas petition was received in Sacramento State Superior Court on June 21, 2000, and was denied on July 11, 2000.  Lodged Documents (Docs.) 2 & 3.  The second petition was received in the Third District Court of Appeal on August 24, 2000,[5] and denied on September 28, 2000.  Lodged Docs. 17 & 18.  The third petition was received in the California

---

[4] Exh. 3 to respondent's original Answer, filed on May 3, 2004.

[5] Per the mailbox rule, respondent deems this petition filed on August 15, 2000, but the court's review indicates that the petition was signed by petitioner on August 3, 2000; petitioner, however, does not object to the assigned dates.

Supreme Court on July 16, 2001, and denied on January 29, 2002. Lodged Doc. 19; 5/3/04 Answer, Exh. 4. Petitioner filed his original petition in this matter on February 7, 2002.

Applying the mailbox rule, Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988); Koch v. Ricketts, 68 F.3d 1191 (9th Cir. 1995), petitioner filed his initial state court petition, as respondent concedes, on June 6, 2000, at which point 356 days of the 365-day limitations period had run. Respondent also concedes that petitioner is entitled to tolling through the denial of the second state habeas petition on September 28, 2000; respondent also does not argue that petitioner's third habeas petition was improperly filed, thus granting that petitioner is entitled to tolling for the period during which the state supreme court petition was pending, from June 30, 2001,[6] until January 29, 2002. MTD, pp. 5-6. Respondent states that tolling is appropriate for the periods of time that each petition was pending, set forth as 36 days; 45 days; and 215 days, respectively, for a total of 296 days. MTD, p. 6. Respondent elsewhere concedes that petitioner is entitled to additional statutory tolling for the 35-day gap between the denial of the first petition and the filing of the second. MTD, p. 8.

However, respondent argues that, under Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846 (2006), that the period of time between the denial of the second petition, on September 28, 2000, and the filing of the third petition, June 30, 2001, was "manifestly unreasonable" because the 275-day gap constituted a period beyond both the 30- to 60-day presumptively reasonable period and the six-month presumptively unreasonable period. MTD, p. 8. Having first asserted that the period during which the third petition was pending was tolled, respondent then argues that the filing of the third petition had no impact on the limitations calculation because, under Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), once the statute has run, a collateral action cannot revive it, thus, respondent ultimately concludes that 631 untolled days passed before petitioner filed his state supreme court petition (356 days plus 275). MTD, p. 9 & n. 8. In other

---

[6] Application of the mailbox rule appears to indicate that this petition was filed on June 29, 2001.

words, respondent avers that the time for filing in this court expired on October 7, 2000, nine days (the days remaining after the 356 days had run prior to the filing of the initial petition) after the denial of the petition to the state court of appeals on September 28, 2000. Thus, the instant petition would be time-barred by some 488 days (calculating the elapsed time between October 7, 2000, and February 7, 2002).

On the other hand, if petitioner is entitled to continuous tolling for the entire time his petitions were pending in state court, including the interval periods between denial of one petition and the filing of the next, the instant action is timely because, following the January 29, 2002, denial of the third state petition, there was a gap of only nine (9) days before the filing in this court, meaning, as petitioner notes (Opp.,[7] p. 8), that petitioner filed the petition on the last day that he could have to be within the statute (356 days plus 9 days equals 365), without even taking into consideration the mailbox rule that is applicable with reference to the filing date of the federal petition.[8]

Under Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (the statute of limitations is tolled under 28 U.S.C. § 2254(d)(2) during the time properly filed state post-conviction proceedings are pending, and that tolling applies from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge).

In Evans v. Chavis, supra, the Supreme Court, however, held that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the [federal court] must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Chavis, 546 U.S. at ___, 126 S. Ct. at 852.

---

[7] Opposition.

[8] Petitioner also cites Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) ("A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.")

For purposes of § 2244(d)(2), a petitioner is entitled to interval tolling only for petitions that were timely filed under state law. Chavis, 546 U.S. at ___, 126 S. Ct. at 849. In most states, a statute sets forth a time period, such as 30 or 60 days, for the filing of a timely appeal. Id., 126 S. Ct. at 849. Under California law, the notice of appeal is timely if filed within a "reasonable time." Id., 126 S. Ct. at 849 (citing In re Harris, 5 Cal. 4th 813, 828 n. 7, 21 Cal. Rptr. 2d 373 (1993)).

In Chavis, the Supreme Court stated that whether a state petition was timely under California law must be decided on a case by case basis. Id., 126 S. Ct. at 853. The Supreme Court also stated that even if a state court denies a habeas on the merits, this does not prove that the state court thought the petition was timely. Id., 126 S. Ct. at 850. The Supreme Court in Chavis did not hold that the 30 or 60 day time limit of other states governed the determination of whether petitions filed in California were timely.

> In the absence of any such guidance, however, we see no alternative way of applying state law to a case like this one but for the Ninth Circuit simply to ask and to decide whether the state prisoner made the relevant filing within a reasonable time. In doing so, the Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of the other States, i.e., that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Id., 126 S. Ct. at 853 [emphasis in original].

Petitioner argues that at the time petitioner was pursuing his state court remedies, Nino v. Galaza, supra, 183 F.3d at 1006, constituted the state of the law in the Ninth Circuit, and in his declaration, petitioner testifies that he relied on the Ninth Circuit's decision that intervals between the denial of one postconviction state habeas petition and the filing of another was not to be counted in calculating the one-year limit for filing a federal habeas. Opp., p. 6; Declaration of Delian Brewer, filed on 7/1/06, pp. 1-2. Petitioner contends that he should not be held accountable for the "impediment" posed by the state of the law and that it was reasonable for him

to believe that intervals of time between the times that his petitions were pending would not be counted against him in the calculation of the one-year statute of limitations period. Id. As petitioner notes, if respondent could not have anticipated Chavis, which it is apparent was the case as respondent sought (and has since been granted) leave to amend the answer to permit the affirmative defense of untimeliness in light of Chavis, then petitioner could not be expected to do so. Opp., p. 7. Had he done so, petitioner argues that he could have filed a protective petition in this court earlier, citing Pace v. Diguglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 1813 (2005). Id.

Because of petitioner's reasonable reliance on Ninth Circuit precedent, petitioner is entitled to continuous tolling, petitioner avers. Opp., p. 8. Respondent did not file a reply, thus failing to address this argument. However, the court's review of Nino, 183 F.3d at 1006, itself, where 314 days of the limitations period had run prior to that petitioner's initial habeas filing in state superior court on March 3, 1997, reveals that the intervals between the denial of one petition and the filing at the next level were, respectively, 43 days (March 11, 1997 - April 23, 1997) and 19 days (May 1, 1997 - May 20, 1997); nothing suggested that a 275-day (or nine-month) gap between denial to the next level would be ultimately deemed properly filed. In fact, the Nino Court, 183 F.3d at 1007 n. 4, explicitly stated that it was not expressing an opinion, inter alia, as to whether or not tolling under AEDPA should be applied if California courts "dismissed a state habeas petition as untimely because the petitioner engaged in substantial delay in asserting habeas claims," citing In re Robbins, 18 Cal. 4th 770, 77 Cal. Rptr. 2d 153 (1998), and In re Clark, 5 Cal. 4th 750, 21 Cal. Rptr. 2d 509 (1993). Of course, respondent does not raise a procedural default argument in the motion and, in fact, concedes, at least at one point, that each petition was not improperly filed, including the third petition.

Although no party referenced it, another case, decided in July, 2000, arguably relevant for the period at issue here (from the September 28, 2000, appeals court denial to petitioner's June 30, 2001, filing in the state supreme court) that became part of the Ninth

Circuit's jurisprudence, in expressly applying Nino, supra, permitted a four and a half month-period interval[9] between a denial of a state court of appeal decision until the filing of a state supreme court petition. Saffold v. Newland, 250 F.3d 1262, 1265 (9th Cir. 2000); judgment vacated by Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002). The application of Nino in Saffold, 250 F.3d at 1265, would have been the state of the law at the relevant time because certiorari was not granted in Saffold until October 15, 2001,[10] after the filing of petitioner's final petition.

On September 24, 2001, a period of time somewhat relevant for the period at issue herein, although it was decided a few months after petitioner had filed his final state court petition (in June, 2001) the Ninth Circuit, citing both Nino, supra, and Saffold, supra, and stating that in Saffold, the court was "merely following the tolling rule set out in Nino...." found that the Saffold decision, "turned [] not on the length of the time gap between petitions, but on the fact that the California Supreme Court addressed Saffold's petition on the merits." Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001). Finding Saffold controlling, the Ninth Circuit determined that "AEDPA's one-year statute of limitations was tolled from April 24, 1996, the date on which AEDPA was enacted, until February 24, 1999,...." rendering petitioner Welch's March 1999 federal petition timely. Id. Welch's initial state superior court habeas petition was filed, pre-AEDPA, on January 12, 1994, which petition was denied on March 17, 1994; more than four years later, on August 22, 1998, Welch filed an original habeas petition in the state supreme court, which was denied on February 24, 1999. Welch v. Newland, 267 F.3d at 1015. Petitioner in Welch filed his federal petition on March 25, 1999. Id. Even given that that petitioner was entitled to a one-year grace period following the enactment of AEDPA, this would

---

[9] Although not relevant for this earlier time period, in Saffold v. Carey, 312 F.3d 1031 (9th Cir. 2002), as amended on denial of rehearing (Jan. 14, 2003), the 4 ½ month interval still was not found to have constituted unreasonable delay.

[10] Newland v. Saffold, 534 U.S. 971, 122 S. Ct. 393 (Oct. 15, 2001).

mean that the statute would expire absent tolling, as of April 24, 1997. See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286-87 (9th Cir. 1997), overruled on other grounds, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998); Patterson v. Stewart, supra, 251 F.3d at 1246 (statute begins to run on the day after AEDPA enactment[11] for pre-AEDPA convictions). Thus, in the case of petitioner Welch, absent tolling, the statute would have run by April 24, 1997; instead, because the Ninth Circuit, applying Nino, found that the filing of the initial petition in 1994 tolled the AEDPA statute for an interval (from April 24, 1997, until August 28, 1998) of more than a year, when petitioner filed, after more than four years following the denial of his initial state superior court petition, a state supreme court habeas petition (which set forth entirely different claims from those of the initial petition).

Although this case was not decided until some three months after petitioner herein had filed his third state court petition (and petitioner does not cite this specific case either), it relies on the same case, Nino, on which petitioner relied and is among Nino's progeny in a fairly close proximity of time. Also, as noted, respondent does not raise an argument related to procedural default but asserts, based on Chavis, that petitioner is not entitled to statutory tolling for the 275-day interval between the filing of his second and third state court petition. This court, however, finds that petitioner's reliance on Nino, the controlling Ninth Circuit law at the time, was not unreasonable, and that the 275-day gap between the denial of his second petition and the filing of his third state court petition was also not unreasonable, given the Ninth Circuit decision in Welch, supra, decided close in time, also relying on Nino, finding a gap of more than a year between a lower state court habeas petition denial and the filing of a state supreme court habeas petition entitled to tolling under 28 U.S.C. § 2244(d)(2). Because petitioner reasonably delayed filing his state supreme court petition based on his actual reliance on tolling law at the pertinent time period, he is entitled to continuous "Nino" statutory tolling. Because the state of the law

---

[11] AEDPA was enacted on April 24, 1996.

describing what is reasonable/unreasonable at the time one acts, or fails to act, is an important factor when years later deciding the reasonableness of one's actions (after the law has changed), the court will recommend the denial of respondent's motion on this ground and finds it unnecessary to reach petitioner's argument that he is entitled to equitable tolling on other grounds.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss the petition, filed on May 30, 2006, as barred by the AEDPA statute of limitations, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/25/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brew0312.mtd